CLEMCO FABRICATORS, Appellant,

v.

Andrew BECKER; Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2001–SC–0194–WC.

Supreme Court of Kentucky.

Dec. 20, 2001.

Carla Foreman Dallas, Louisville, Counsel for Appellant.

David L. Sage II, Hummel & Coan, Louisville, Counsel for Appellee Becker.

## OPINION OF THE COURT

After being injured in a work-related automobile accident on June 6, 1995, the claimant sought workers' compensation benefits. He also filed a personal injury action and sought a declaration of rights against the driver of the vehicle, a co-worker. In the declaration of rights action, the employer asserted that the claimant's injury occurred within the course and scope of his employment, and the trial court agreed; however, an arbitrator reached the opposite conclusion in the workers' compensation claim. Both decisions were appealed, although the workers' compensation appeal was held in abeyance until we denied discretionary review of a decision affirming the trial court. In the interim, the claimant returned to school, obtained a degree, and secured full-time employment at a wage that equaled or exceeded his pre-injury wage. In November, 1999, the claim was heard by an Administrative Law Judge (ALJ) who awarded a 50% disability from the date of maximum medical improvement (MMI) through the date upon which the claimant secured the full-time employment and a 10% disability for the balance of the 425–week period. Appealing a reinstatement of the award by the Court of Appeals, the employer asserts that the ALJ effectively awarded a period of temporary, partial disability, an award for which Chapter 342 does not provide.

Based upon testimony by the claimant's treating physician, the ALJ determined that the claimant reached MMI on September 25, 1996. Thus, his claim was heard approximately four and one-half years after the accident and approximately three years after he reached MMI. In rendering a decision, the ALJ noted that the claimant was 27 years old, had a high school education, was attending college, and was scheduled to receive an Associates Degree within the month. Explaining the rationale in support of the two-part award, the ALJ indicated that if the claimant had returned to full-time work when he reached MMI, he would have earned approximately half of what he had earned before the injury. Whereas, after going back to school he was able to obtain full-time employment at a wage that equaled or exceeded his pre-injury wage and, therefore, had a present occupational disability of only 10%.

In reversing the award, a majority of the Workers' Compensation Board (Board) determined that the ALJ had effectively awarded the claimant a period of temporary partial disability. The opinion pointed out that a 1916 provision for temporary partial disability was later repealed by the legislature and that although the re-enactment of such a provision has been considered from time to time, the legislature has not yet chosen to do so. Reversing the Board, however, the Court of Appeals concluded that the ALJ had reached a permissible solution on the unique facts of the case. We agree.

■ Workers who were injured before December 12, 1996, are entitled to income benefits based upon the extent of their occupational disability as determined under the standards that were set forth in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), and later codified in KRS 342.0011(11). It is undisputed that although Kentucky law provides for temporary total disability, it has not provided for awards of temporary, partial disability for some time. Awards of temporary total

disability are appropriate when a worker is totally disabled by the effects of a compensable injury but has not yet reached MMI, a term that refers to the time at which the worker's medical condition has stabilized so that any remaining physical impairment and occupational disability can be viewed as being permanent. *W.L. Harper Construction Company, Inc. v. Baker*, Ky. App., 858 S.W.2d 202 (1993). Under normal circumstances, an award is rendered relatively close in time to the date upon which an injured worker reaches MMI, and for that reason there is little opportunity for a significant change in the worker's occupational disability to occur between the date of MMI and the date of the award. It is obvious, however, that events that occur after a worker reaches MMI may affect the extent of the worker's occupational disability thereafter. To that end, KRS 342.125 provides for the reopening of an award upon a finding of a change of occupational disability, and it permits a reopening not only upon a motion of a party but also upon an ALJ's own motion. For that reason, we are convinced that in instances where a significant change in a worker's occupational disability occurs during the period between the date of MMI and the date of the award, it is not inconsistent with the purpose of KRS 342.125 for an ALJ to choose to enter a two-part award such as was done in this case.

In the instant case, the circuit court litigation delayed the resolution of the workers' compensation claim for more than three years after the claimant reached MMI, and he was able to reduce his occupational disability significantly by returning to school during that period. As the ALJ clearly recognized, events that occurred after the claimant reached MMI could not alter the fact that his permanent disability at MMI was 50%. They could only affect the extent of his occupational

disability prospectively and, indeed, they did. By the time the claim was heard, the claimant had nearly completed his studies, had recently obtained full-time employment at a wage that equaled or exceeded his pre-injury wage, and clearly was no longer 50% disabled. In view of this, we are persuaded that the ALJ was well within his authority under KRS 342.125 to treat the matter, in effect, as both an initial claim and a reopening. This enabled the ALJ to achieve a result that was fair to both the claimant and the employer and that was consistent with the provisions of Chapter 342.

The decision of the Court of Appeals is affirmed.

All concur.